**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2490
_____

GWENDOLYN WILSON,
Appellant

v.

HILLSBOROUGH TOWNSHIP CONSTRUCTION/BUILDING DEPARTMENT;
HILLSBOROUGH TOWNSHIP TAX ASSESSOR; TOWNSHIP OF HILLSBOROUGH
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3-19-cv-18598)
District Judge: Honorable Freda L. Wolfson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 16, 2021

Before: MCKEE, SHWARTZ and RESTREPO, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 18, 2021)
_____

OPINION[*]
_____

PER CURIAM

       Pro se appellant Gwendolyn Wilson, proceeding in forma pauperis, appeals from

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

the District Court's dismissal of claims she filed pursuant to 42 U.S.C. § 1983 and the Fair Housing Act ("FHA") against the Hillsborough Township Construction/Building Department, the Hillsborough Township Tax Assessor, and Hillsborough Township itself. For the reasons that follow, we will affirm the District Court's judgment that Wilson's claims are barred by res judicata.

I.

The history of this case is set forth in our prior decision. See Wilson v. Hillsborough Twp. Constr. Dep't, 779 F. App'x 969, 971 (3d Cir. 2019). Accordingly, we will only recite the facts necessary for our discussion.

In 2017, Wilson brought claims pursuant to section 1983 and the FHA against defendants, alleging they did not perform building inspections when necessary, did not provide her notice when they did perform the inspections, and artificially inflated the value of her property relative to her neighbors. See D.N.J. Case No. 3-17-cv-00995. Wilson filed an amended complaint on February 20, 2018 (the "Prior Complaint"). On defendants' motion, the District Court dismissed Wilson's amended complaint for failure to state a claim, granting Wilson express leave to amend her complaint within 30 days to state a valid claim for municipal liability based on a discriminatory policy or custom. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690–92 (1978).  Rather than do so, Wilson appealed, electing to stand on her complaint, thereby converting the District Court's order to a final, appealable order. See Wilson, 779 F. App'x at 971 n.3 (citing Borelli v. City of Reading, 532 F.2d 950, 951 (3d Cir. 1976) (per curiam)). We summarily affirmed the

District Court's judgment.

While her appeal was pending, Wilson filed this action in the U.S. District Court for the District of Columbia, which transferred the action to the District of New Jersey. Wilson then filed the operative amended complaint. Defendants moved to dismiss on the grounds that Wilson's claims are barred by res judicata. The District Court granted the motion and dismissed the complaint with prejudice. Wilson now appeals.

II.

The District Court had jurisdiction pursuant to 28 U.S.C. § 1331. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over the application of res judicata. See Elkadrawy v. Vanguard Grp., 584 F.3d 169, 172 (3d Cir. 2009). "Res judicata, also known as claim preclusion, bars a party from initiating a second suit against the same adversary based on the same 'cause of action' as the first suit." Duhaney v. Attorney Gen. of U.S., 621 F.3d 340, 347 (3d Cir. 2010). A party seeking to invoke res judicata must establish three elements: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." Lubrizol Corp. v. Exxon Corp., 929 F.2d 960, 963 (3d Cir. 1991). "The doctrine of res judicata bars not only claims that were brought in a previous action, but also claims that could have been brought." In re Mullarkey, 536 F.3d 215, 225 (3d Cir. 2008). In determining whether the same cause of action is involved, the courts look to the "*essential similarity* of the underlying events giving rise

to the various legal claims." Sheridan v. NGK Metals Corp., 609 F.3d 239, 260 (3d Cir. 2010) (citations omitted).

## III.

We agree with the District Court that Wilson's claims are precluded, as all three prongs are met here. First, there was a final judgment on the merits in her prior case, as the dismissal with leave to amend converted into a final judgment when Wilson elected to stand on her complaint. See Hoffman v. Nordic Nats., Inc., 837 F.3d 272, 279 (3d Cir. 2016). Second, Wilson filed the instant suit against the same municipal entities as the prior suit, naming Hillsborough Township and two of its departments.

Third, Wilson's claims against the municipal defendants either were brought or could have been brought in the prior action. Wilson divided her amended complaint in the instant case into six "causes of action," and, as the District Court noted in its order, "the first four causes of action . . . all appear to be identical to the four causes of action that were asserted by [Wilson] in the Prior Complaint." Order 4, ECF No. 22.[1] As to the first, second, and fourth, we agree that they are identical and unquestionably precluded.

There is one minor variation in the third cause of action—a variation upon which Wilson relies on appeal. In that claim, Wilson asserted that defendants violated the FHA by inflating her property's value relative to her white neighbors by assuming without inspection that she had an updated kitchen and finished basement. She asserts in her reply

---

[1] Wilson's "sixth cause of action" was directed at the District Court itself, improperly relying on Fed. R. Civ. P. 60(b) to seek reconsideration and invalidation of orders entered in the prior action. The District Court dismissed that claim and, finding no error in its determination, we will affirm.

4

brief on appeal that: "There exist no claims in Plaintiffs February 20, 2018 First Amended Complaint about an updated kitchen or a finished basement." Appellant's Reply Br. 2, CA3 ECF No. 26. This assertion is flatly contradicted by a comparison of the filings. In the Prior Complaint, Wilson claimed that: "The Defendant, Hillsborough Township [Tax Assessor] retaliated against Plaintiff by increasing her property tax assessments for 'UPGRADED KITCHEN' and 'FINISHED BASEMENT.'" Prior Compl. at 12 (brackets in original). In the operative amended complaint in this action, she again claims: "The Defendant, Hillsborough Township [Tax Assessor] retaliated against Plaintiff by increasing her property tax assessments for 'UPGRADED KITCHEN' and 'FINISHED BASEMENT' (See TA 1, TA 2, TA 3)." Am. Compl. 14, ECF No. 9 (brackets in original). The minor variation is the citation to exhibits she attached to the amended complaint in this action. Those exhibits show that she received notice of a tax assessment increasing the estimated value of her home dated February 13, 2018, one week before she filed the Prior Complaint. See ECF No. 9-1 at 30.

Because plaintiffs have no duty to amend or supplement their pleadings, normally "res judicata does not bar claims that are predicated on events that postdate the filing of the initial complaint." Morgan v. Covington Twp., 648 F.3d 172, 178 (3d Cir. 2011). The alleged retaliation does postdate the filing of Wilson's initial complaint in the prior action in 2017. As such, she had no duty to amend to include that claim in the Prior Complaint. As the above comparison shows, though, Wilson did in fact amend and include this claim. Simply presenting new allegations or new evidence in support of old allegations is not sufficient to overcome the preclusive effect of a prior suit on the same cause of action

5

if the "thrust of the two complaints remain[s] practically identical." <u>Churchill v. Star Enters.</u>, 183 F.3d 184, 195 (3d Cir. 1999). Moreover, in the prior action, both the District Court and this Court specifically rejected her allegation that "the Hillsborough Township Tax Assessor somehow over-valued her property in its tax assessments and under-valued the property improvements of her neighbors." <u>Wilson</u>, 779 F. App'x at 971. Wilson has not presented a new claim; she merely appended documentary evidence to support a claim identical to one she pursued in the prior action. Therefore, the claim is barred.

As to the fifth cause of action Wilson asserts here, it does not suffer the same infirmity of being completely reproduced from the Prior Complaint. However, the claim repeats a slew of allegations contained in the other claims, about inspections, permitting, and tax assessments, and again frames them as both discriminatory and retaliatory. Even if it could be said that Wilson articulates a new legal theory or attempts to allege the policy or custom for which she was granted leave to amend the Prior Complaint, she cannot overcome the preclusive effect of having brought a prior action based on the same underlying events. <u>See</u> <u>Hoffman</u>, 837 F.3d at 280; <u>Sheridan</u>, 609 F.3d at 261; <u>Elkadrawy</u>, 584 F.3d at 173.

Accordingly, we will affirm the judgment of the District Court.